# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce Tunison, )<br>)<br> Plaintiff, )<br>)   Civil Action No. 5:24-1330-RMG<br>vs. )<br>)<br>Martin J. O'Malley, Commissioner of )<br>Social Security, )   **ORDER**<br>)<br> Defendant. )<br>_____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on November 21, 2024, recommending that the Commissioner's decision be reversed and remanded to the Agency for further administrative action. (Dkt. No. 16). Defendant filed no objections to the R & R. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter for further Agency action consistent with this order.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff, a 100% disabled veteran, applied for Social Security disability benefits. An administrative law judge ("ALJ") found that Plaintiff suffered from the following severe impairments: fibromyalgia, PTSD, depression, anxiety, history of L4-S1 laminectomy secondary to degenerative disc disease, history of arthroscopic surgery to the left hip and mass excision with subsequent hip replacement secondary to osteoarthritis, and degenerative disc disease of the

cervical spine. (Dkt. No. 4-2 at 41-42). The ALJ found at Step Three of the Sequential Process that Plaintiff had no impairment or combination of impairments that met one of the Listing requirements. (*Id*. at 42-44). The ALJ determined at Step Four that Plaintiff retained the residual functional capacity ("RFC") for less than the full scope of light work and that there were jobs which existed in significant numbers in the national economy with Plaintiff's RFC which he could perform. Consequently, the ALJ found Plaintiff was not disabled under the Social Security Act. (*Id*. at 44-49).

Plaintiff raised on appeal to the District Court a number of objections to the decision of the ALJ. This included a failure to properly analyze Plaintiff's fibromyalgia as the basis for a Listing, either as equaling a Listed Impairment (such as inflammatory arthritis) or in combination with at least one other medically determined impairment. After making a careful review of the record, the Magistrate Judge concluded that the ALJ failed to adequately address and explain why Plaintiff's fibromyalgia did not equal a Listed Impairment and recommended that the decision be reversed and remanded to the Agency for further consideration in accord with SSR 12-2p. (Dkt. No. 16 at 20-23). The Court finds that the Magistrate Judge ably addressed the factual and legal issues on this matter and correctly concluded the ALJ's decision should be reversed and remanded for further administrative action.

Plaintiff further objected to the ALJ's failure to find that he met the requirements for Listing 1.17. Plaintiff asserts that the ALJ misstated the medical record when he found that "the record does not show a history of reconstructive surgery nor surgical arthrodesis of a major weight bearing joint." (Dkt. No. 4-2 at 42-43). The Magistrate Judge found that the ALJ did err in overlooking Plaintiff's history of two hip replacements which would meet one of the

requirements for Listing 1.17. Although the Magistrate Judge recognized that there were questions regarding whether Plaintiff met all of the requirements for Listing 1.17, she found that it was more appropriate for this matter to be addressed on remand in light of the full record. The Magistrate Judge recommended that the decision of the ALJ be reversed and on remand the ALJ could address fully the Listing 1.17 issue. Again, the Court finds that the Magistrate Judge ably addressed the factual and legal issues regarding Listing 1.17 and correctly concluded that the ALJ's decision should be reversed and remanded for further administrative action.[1]

## Conclusion

Based on the foregoing, the Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. Section 405(g) and **REMANDS** the matter to the Commissioner for further review consistent with this order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 6, 2024

---

[1] The Magistrate Judge declined to address additional objections to the ALJ decision raised by Plaintiff since these matters could be further reviewed on remand by the Agency. These include (1) the failure of the ALJ to properly consider Plaintiff's non-severe impairments; (2) the failure of the ALJ to consider Plaintiff's diagnosis of chronic kidney disease in combination with his hypertension; (3) the failure of the ALJ to properly weigh Plaintiff's subjective complaints; and (4) the ALJ's failure to acknowledge or assign weight to medical opinion's in Plaintiff's VA disability rating records. (Dkt. No. 16 at 27). The Court agrees with the Magistrate Judge that these other objections of Plaintiff merit close review on remand.